IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

DONNA DEMPSEY and              )
JACK DEMPSEY                   )
    Plaintiffs,               )
                              )
v.                             ) Cause No. 4:15-CV1312
                              )
MISSOURI BAPTIST MEDICAL CENTER )
a Non-Profit Corporation       )
                              )
TOWN AND COUNTRY               )
ORTHOPEDICS, INC., a           )
Missouri Corporation,          )
                              )
KURT MERKEL, M.D.              )
    Defendants.               )

## COMPLAINT

## GENERAL ALLEGATIONS

## PARTIES

COMES NOW Plaintiffs Donna Dempsey and Jack Dempsey and for their causes of action against Defendants, state as follows:

1. At all times relevant hereto Plaintiff Donna Dempsey ("Plaintiff") was a resident of the State of Illinois.

2. At all times relevant hereto Plaintiff Jack Dempsey was a resident of the State of Illinois.

3. At all times relevant hereto, Plaintiff Jack Dempsey was the lawful spouse of Plaintiff Donna Dempsey.

4. Defendant Missouri Baptist ("Missouri Baptist") is a Missouri corporation existing by

and under the laws of the State of Missouri with its principle place of business in St. Louis  County, Missouri, engaged in the business of providing medical and ancillary services.

5. At all times relevant hereto Defendant Missouri Baptist acted by and through its employees, agents, apparent agents and servants, including but not limited to nurses, nursing assistants, therapists, physicians, technicians and other medical care providers.

6. At all times relevant hereto, Defendant Missouri Baptist held itself out and otherwise informed the public and more particularly Plaintiff herein, that it had and possessed requisite skill, competence and knowledge, facilities, personnel, equipment and information to properly care for and treat Plaintiff.

7. Defendant Town and Country Orthopedics, Inc. , ("Town and Country Orthopedics") is a Missouri corporation with its primary place of business in St. Louis County, Missouri, engaged in the business of providing medical and ancillary services.

8. At all times relevant hereto Defendant Town and Country Orthopedics acted by and through its employees, agents, apparent agents and servants, including but not limited to Kurt Merkel, M.D.

9. At all times relevant hereto, Defendant Town and Country Orthopedics held itself out and otherwise informed the public and more particularly Plaintiff herein, that it had and possessed requisite skill, competence and knowledge, facilities, personnel, equipment and information to properly care for and treat the Plaintiff.

10. Defendant Kurt Merkel, M.D., ("Merkel ") is, and at all times relevant hereto was, a citizen of Missouri and a physician engaged in the practice of his profession in St.

Louis County, Missouri, and duly licensed to practice medicine in the State of Missouri.

11. At all times relevant hereto, Merkel held himself out and otherwise informed the public and more particularly Plaintiff herein, that he had and possessed requisite skill, competence and knowledge, facilities, personnel, equipment and information to properly care for and treat Plaintiff.

12. At all times relevant hereto Defendant Merkel was a principal, employee, agent, apparent agent and/or servant of Defendant Town and Country Orthopedics.

## JURISDICTION

13. This Court has jurisdiction over this action under 28 U.S.C. §1332(a)(1) because the Plaintiffs and the Defendants are citizens of different states and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

14. The events described herein occurred at Missouri Baptist Medical Center located in St. Louis County, Missouri, within the geographic jurisdiction of this Court.

## VENUE

15. Venue is proper in this district under 28 U.S.C. §1391 because all Defendants reside in this District and this State.

16. Further, venue is proper in this district under 28 U.S.C. §1391 because the events or omissions giving rise to this claim occurred in this district.

## COMMON FACTS

17. On or about September 12, 2013, Plaintiff was admitted to the facility of Defendant

Missouri Baptist by Defendant Merkel and entrusted herself entirely to the care of Defendants Missouri Baptist and Merkel and their duly authorized agents, apparent agents, servants and/or employees as aforesaid.

18. On September 12, 2013, Defendant Merkel, assisted by agents, apparent agents, employees and/or servants of Defendant Missouri Baptist and/or Town and Country Orthopedics, performed a right total hip replacement.

19. After completion of surgery, Plaintiff began experiencing severe pain, numbness, loss of movement and other neurological deficits in her right leg.

20. On September 13, 2013, employees, agents and servants of Missouri Baptist diagnosed foot drop, a neurological condition caused by injury to nerves in the leg.

21. On September 13, 2013, Merkel confirmed the diagnosis of foot drop.

22. Plaintiff was subsequently returned to surgery on September 14, 2013, by Merkel for revision of the right total hip implant.  In the course of that surgery, Merkel confirmed that the sciatic nerve was injured during the initial surgery, causing foot drop.

## COUNT I

## MEDICAL MALPRACTICE

COMES NOW Plaintiff Donna Dempsey and for her first cause of action against Defendants Merkel and Town and County Orthopedics states:

23. Plaintiff incorporates by reference paragraphs 1 through 22 as if more fully set forth herein.

24. At all times relevant herein, it was the duty of Defendant Merkel to exercise that degree of skill and care that ordinarily well-qualified orthopedic physicians and surgeons

possess and exercise under similar circumstances in the aforementioned locality or similar localities in which the aforementioned treatment was rendered to Plaintiff.

25. Defendant Merkel negligently and unskillfully conducted himself and failed to exercise that degree of skill and care that ordinarily well-qualified physicians would exercise in similar circumstances, in that he:

    a. Improperly performed total hip replacement surgery;

    b. Failed to protect the sciatic nerve from injury during total hip replacement surgery;

    c. Failed to establish proper leg length in the course of surgery;

    d. Failed to identify and correct leg length prior to conclusion of surgery;

    e. Failed to identify and protect the sciatic nerve during surgery;

    f. Failed to timely diagnose and treat nerve injury;

    g. Improperly delayed treatment for nerve injury;

    h. Improperly delayed revision surgery;

    i. Failed to supervise nursing staff with regard to Donna Dempsey.

26. Defendant Merkel knew, or should have known, that the actions above could or would result in injury to Plaintiff.

27. Defendant Merkel's negligence caused or contributed to cause injury to Plaintiff.

28. As a direct and proximate result of the negligence of Defendant Merkel, Plaintiff suffered injuries including but not limited to: foot drop, injuries to the muscles and nerves, additional surgery, pain and other deficits and which caused her to incur medical and other expenses associated with treatment for same.

29. As a direct and proximate result of the negligence of Defendant Merkel, Plaintiff has suffered pecuniary losses including but not limited to medical expenses and lost income.

WHEREFORE, Plaintiff prays for judgment against Defendants Merkel and Town and Country Orthopedics, in a monetary amount in excess of Seventy Five Thousand Dollars ($75,000.00) that is fair and reasonable to compensate her for her injuries, together with her costs of court and for such further relief as the Court deems appropriate.

## COUNT II

## MEDICAL MALPRACTICE

COMES NOW Plaintiff and for her first cause of action against Defendant Missouri Baptist states:

30. Plaintiff incorporates by reference paragraphs 1 through 22 as if more fully set forth herein.

31. At all time relevant herein, Defendant Missouri Baptist acted by and through its employees, agents, apparent agents,  and/or servants.

32. At all times relevant herein, it was the duty of the employees, agents and servants of Missouri Baptist, including but not limited to nurses, occupational therapists, physical therapists, technicians and others, to exercise that degree of skill and care that ordinarily well-qualified medical care providers possess and exercise under similar circumstances in the aforementioned locality or similar localities in which the aforementioned treatment was rendered to Plaintiff and to render hospital and

medical services consistent with the medical requirements of the patients therein and so as not to negligently cause injury to those patients, including Plaintiff.

33. The employees and agents of Missouri Baptist negligently conducted themselves and failed to exercise that degree of skill and care that ordinarily well-qualified nurses and medical care providers would exercise in similar circumstances, in that they:

    a. Failed  to perform adequate patient evaluations;

    b. Failed to perform ordered neurological exams;

    c. Failed to recognize neurological injury;

    d. Failed to timely and properly assess patient;

    e. Failed to timely notify physicians of neurological deficits;

    f. Failed to obtain timely definitive physician treatment of neurological deficits; and

    g. Failed to adequately train or supervise nursing staff.

34. Missouri Baptist knew, or should have known, that the actions above could or would result in injury to Plaintiff.

35. As a direct and proximate result of the negligence and unskillfulness of the employees, agents, apparent agents and/or servants of Defendant Missouri Baptist, Plaintiff suffered injuries including but not limited to: foot drop, injuries to the muscles and nerves, additional surgery, pain and other deficits and which caused her to incur medical and other expenses associated with treatment for same.

36. As a direct and proximate result of the negligence of Defendant Missouri Baptist,

Plaintiff has suffered pecuniary losses including but not limited to medical expenses and lost income.

WHEREFORE, Plaintiff prays for judgment against Defendant Missouri Baptist, in a monetary amount in excess of Seventy Five Thousand Dollars ($75,000.00) that is fair and reasonable to compensate her for her injuries, together with her costs of court and for such further relief as the Court deems appropriate.

### COUNT III-LOSS OF CONSORTIUM

COMES NOW Plaintiff Jack Dempsey and, for his cause of action against all defendants,  states as follows:

37. Plaintiff Jack Dempsey incorporates by reference as if more fully stated herein all paragraphs set forth above.

38. As a direct and proximate result of the actions of Defendants as aforesaid, Plaintiff Jack Dempsey has been denied the care, protection, consideration, services, support, companionship, sexual companionship, aid and society of Plaintiff Donna Dempsey.

39. By reason of the loss of consortium, as described above, Plaintiff Jack Dempsey has been damaged.

WHEREFORE, Plaintiff Jack Dempsey sues each Defendant and prays judgment against each in an amount in excess of Seventy Five Thousand Dollars ($75,000) that is fair and reasonable to compensate him for his damages, together with his costs of court and for such further relief as the Court deems appropriate.

**Law Offices of Todd N. Hendrickson**

Todd N. Hendrickson  #37460
911 Washington Ave., Suite 400
St. Louis, Missouri 63101
(314) 721-8833
(314) 721-4944 fax
todd@hendricksonlaw.com
 Attorney for Plaintiffs